Filed 3/19/15  P. v. Wilson CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICK J. WILSON,<br><br>    Defendant and Appellant. | H040608<br>(Santa Clara County<br>Super. Ct. No. C9922421) |

A jury found defendant Rick J. Wilson guilty of driving under the influence of alcohol (DUI).  (Veh. Code, § 23152, subd. (a).)  In a bench trial, the court found true an allegation of a prior conviction for gross vehicular manslaughter.  (Veh. Code, § 23152, subd. (a), former Veh. Code, § 23175.5, subd. (a)(3), repealed and reenacted as Veh. Code, § 23550.5, subd. (b) [Stats. 1998, ch. 118, § 84]).  Defendant also pleaded guilty to three misdemeanor violations:  driving while his privileges were suspended for reckless driving, driving while his privileges were suspended for a prior DUI, and driving while his privileges were suspended for refusing to submit to a blood test.  (Veh. Code, §§ 14601, subd. (a), 14601.2, subd. (a), 14601.5, subd. (a).)  The trial court maintained defendant's DUI conviction as a felony and sentenced him to the upper term of three years.  The court also imposed three concurrent 90-day sentences for the misdemeanor convictions.

On appeal, defendant argues that the trial court abused its discretion in sentencing him to three years for the felony DUI conviction because the record fails to support imposition of the aggravated term. He further argues that imposition of the three misdemeanor sentences violated Penal Code section 654.

We conclude that the trial court did not abuse its discretion in sentencing defendant to the upper term for his felony conviction. Additionally, the Attorney General concedes, and we agree, that section 654 requires that the sentences for defendant's misdemeanor convictions be stayed. Accordingly, we will stay the misdemeanor sentences and affirm the judgment as modified.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is defendant's third appeal in this matter. The factual and procedural background for the previous two appeals is set forth in detail in our prior opinion. (See *People v. Wilson* (2013) 219 Cal.App.4th 500, 504-508.)[1]

In 1999, defendant was convicted of felony DUI (Veh. Code, § 23152, subd. (a)), with a prior conviction for gross vehicular manslaughter (former Veh. Code, § 23175.5, subd. (a)(3), repealed and reenacted as Veh. Code, § 23550.5, subd. (b) [Stats. 1998, ch. 118, § 84]). The trial court found two prior "serious felonies" qualifying as strikes, or "strike priors" under the Three Strikes law. (Pen. Code, §§ 667, subds. (b)-(i), 1170.12.) Accordingly, the court sentenced defendant as a third strike offender to a prison term of 25 years to life. In 2002, this court affirmed the judgment. (*People v. Wilson* (Dec. 23, 2002, H021472) [nonpub. opn.].)

In 2011, defendant successfully challenged his sentence under *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*) in a federal habeas corpus proceeding. (*Wilson v. Knowles* (9th Cir. 2011) 638 F.3d 1213.) The Ninth Circuit vacated his life sentence and the federal district court remanded the matter to state court for resentencing. On remand,

---

[1] We take judicial notice of the record in the prior appeal. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

the trial court struck the first strike, left the second strike intact, and sentenced defendant as a second strike offender to a six year prison term (double the three-year upper term for felony DUI).

In defendant's second appeal, this court held that the trial court had violated federal law under *Apprendi* and state law under *People v. McGee* (2006) 38 Cal.4th 682. The matter was once again remanded for resentencing. (*People v. Wilson*, *supra*, 219 Cal.App.4th at p. 520.)

At resentencing on December 20, 2013, the trial court dismissed the remaining strike allegation for insufficient evidence. This left defendant with a DUI conviction with a prior conviction for gross vehicular manslaughter while intoxicated. The trial court maintained the DUI as a felony and imposed the upper or aggravated term of three years based on a finding that defendant suffered from "excessive high blood alcohol, and [that] there was also an unsafe vehicle violation of a red light involved." Defense counsel objected "based on the claim that there are no facts or information in the record to legally justify imposition of the aggravated term." In response, the court cited the *Romero*[2] motion defendant filed in his original proceeding as the factual basis supporting imposition of the upper term. The court further imposed concurrent 90-day terms on three admitted misdemeanors for: (1) driving when privileges were suspended for reckless driving (Veh. Code, § 14601, subd. (a), Count Two); (2) driving when privileges were suspended for a prior DUI (Veh. Code, § 14601.2, subd. (a), Count Three); and (3) driving when privileges were suspended for refusing to submit to a blood test (Veh. Code, § 14601.5, subd. (a), Count Four). The court deemed defendant's sentences served, and released him from custody.

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

## II. DISCUSSION

A. *The Trial Court Did Not Abuse Its Discretion When It Imposed the Upper Term for the Felony DUI Offense*

Penal Code section 1170, subdivision (b) provides in relevant part that "[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court." (Pen. Code, § 1170, subd. (b).) In this case, the trial court had discretion to sentence defendant to a term of 16 months, two years, or three years, depending on the relevant mitigating or aggravating factors. (Pen. Code, § 18.)

A trial court's imposition of an upper or aggravated term is reviewed on appeal for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847). An abuse of discretion is a ruling that is "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) But "the court's discretion is not unlimited . . . [r]ather, it must be exercised within the confines of the applicable legal principles." (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.) When exercising its discretion, a trial court "may consider the record in the case, the probation officer's report, other reports . . . statements in aggravation or mitigation submitted by the prosecution, [or] the defendant . . . and any further evidence introduced at the sentencing hearing." (Pen. Code, § 1170, subd. (b).) The sentencing court is also required to "set forth on the record the reasons for imposing the term selected." (Pen. Code, § 1170, subd. (b).)

At defendant's most recent sentencing, the trial court based its decision on findings that defendant suffered from "excessive high blood alcohol," and that there was "an unsafe vehicle violation of a red light involved." Defendant argues that the "record on appeal fails to support the court's determination that there was any . . . such finding in either respect." Citing the California Rules of Court, rule 4.420(b), defendant asserts that

4

because any evidence to support the trial court's decision falls short of a jury finding, the sentence should be deemed arbitrary.

This argument is misguided. California Rules of Court, rule 4.420(b) provides, in relevant part, that "the sentencing judge may consider circumstances in aggravation or mitigation, and *any other factor* reasonably related to the sentencing decision. The relevant circumstances may be obtained from the *case record . . . .*" (California Rules of Court, rule 4.420(b) (emphasis added).) Moreover, Penal Code section 1170, subdivision (b) "permits the court, when imposing the upper term, to rely on aggravating facts that have not been found true by the jury." (*People v. Black* (2007) 41 Cal.4th 799, 808.)

Here, the record contains a number of references to defendant's red light violation. The *Romero* motion referenced by the trial court, filed on March 2, 2000, notes that defendant "was stopped for making a U-turn against a red light." The record also contains trial testimony from Officer Christopher Gene Perilli who stated that defendant "was traveling at a high rate of speed and then ran a red light." Officer Perilli further explained that defendant "was traveling eastbound; pulled into the left turn lane . . . continued through the red light, which was a red arrow; made a U-turn; and then continued westbound." And the previous opinion issued by this court states that "a police officer stopped defendant after he ran a red light at high speed." Accordingly, the trial court properly relied upon defendant's "unsafe red light violation" in support of its imposition of the upper term.

In contrast, we find no basis in the record that defendant had an excessively high blood alcohol level, the second aggravating factor cited by the trial court. As highlighted in our previous opinion in this case, after Officer Perilli arrested defendant, he "became belligerent and refused to take a blood test." Thus, there is no evidence to support the trial court's conclusion that defendant "suffered a finding of an excessive high blood alcohol."

5

This leaves one proper, and one improper, aggravating factor as the bases for the trial court's sentencing decision. "When a trial court has given both proper and improper reasons for a sentence choice, a reviewing court will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper." (*People v. Price* (1991) 1 Cal.4th 324, 492.)

Based on our reading of the record, there is no reasonable probability that the trial court would have opted for a lesser sentence had it been aware that defendant did not suffer a finding of excessive blood alcohol. The trial court did not hesitate to sentence defendant to the aggravated term, nor did it waver when defense counsel objected to the sentence imposed. Furthermore, considering that even one factor in aggravation is a sufficient basis for imposing the upper term, it is not reasonably probable the court would have chosen a lesser sentence had it known that defendant refused to submit to a blood test at the time of his arrest. (*People v. Steele* (2000) 83 Cal.App.4th 212, 226.)

B. *The Misdemeanor Sentences Violate Section 654*

The trial court also sentenced defendant to three concurrent 90-day sentences for three separate misdemeanor violations. Defendant argues, and the Attorney General concedes, that the sentencing court's imposition of these sentences violated Penal Code section 654.

Penal Code section 654, subdivision (a) proscribes multiple punishment for "[a]n act or omission that is punishable in different ways by different provisions of law . . ." (Pen. Code § 654, subd. (a).) The California Supreme Court has interpreted section 654 to prohibit multiple punishment for a "single physical act." (*People v. Jones* (2012) 54 Cal.4th 350, 358.) Further, it is well established that " 'the imposition of concurrent sentences is precluded by section 654 [citations] because the defendant is deemed to be subjected to the term of *both* sentences although they are served simultaneously.' " (*Id.* at p. 353, emphasis in original.)

6

"Whether section 654 applies in a given case is a question of fact for the trial court, which is vested with broad latitude in making its determination." (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.) The trial court's "findings will not be reversed on appeal if there is any substantial evidence to support them." (*Ibid*.) "We review the trial court's determination in the light most favorable to the respondent and presume the existence of every fact the trial court could reasonably deduce from the evidence." (*Ibid*.)

Defendant's misdemeanor convictions stem from the same physical act of driving that resulted in his felony DUI conviction. Therefore, under Penal Code section 654, defendant's misdemeanor sentences must be stayed. (Pen. Code, § 654; *Jones*, *supra*, 103 Cal.App.4th at p. 1143.)

## III. DISPOSITION

The three 90-day sentences imposed for defendant's misdemeanor convictions on Counts Two, Three, and Four are stayed. As modified, the judgment is affirmed.

7

_____
Márquez, J.

WE CONCUR:


_____
 Rushing, P. J.




_____
 Premo, J.